United States v. Bloch, Mr. Hillis May it please the Court, Counsel. My name is Daniel Hillis. I'm with the Federal Public Defender's Office, and I represent Mr. John Bloch on this appeal. He raises two issues. First, whether the District Court made the necessary findings to impose three years of supervised release. The second issue is whether the District Court erred by not orally pronouncing the conditions of supervised release that it did, and furthermore, by not making the necessary 3583D findings to support the conditions of supervised release. As for the first issue, to validly impose a period of supervised release, a judge must provide, at the time of sentencing, a statement of reasons related to the statutory sentencing factors set forth at 18 U.S.C. 3553A. The District Court didn't do that, and the judge merely said that three years of supervision was appropriate. So that does not satisfy. How many times must a judge do it? The judge had explained it before. Why can't a judge who's explained something once rely on that? The prior sentencing hearing, Your Honor, to incorporate that. When there's a remand for full resentencing, it's a full resentencing. Arguments and mitigation and so forth be considered. It's separate proceedings. I don't think there's a procedure to adopt by records. I understand that it's a separate proceeding. We're going to see that in the next case, too. But my question is, why a judge, even at a full resentencing, can't say, I am now where I was then? That's one possible outcome of resentencing. I don't think that 3553A, Congress has made allowances for that. There isn't anything in the statute about procedure, about how one does this. But I just want to make sure that this is your argument, that if the judge goes back to the transcript of his first hearing, of her sentencing, and just reads aloud everything he said before into the record again, that would be fine. But if the judge tries to incorporate it by reference, he has to be reversed. That seems, well, very absurd. I'm not aware of anything in the relevant statutes that allow the judge to do that. There's nothing in the relevant statutes that speaks to this one way or the other. Well, then I think that should break in favor of the defense. The problem is, it allows the judge. Sentencing became somewhat statutory with the sentencing guidelines. Before that, we didn't have all this stuff. And I'm not sure that the judge doesn't retain inherent authority to do just what Judge Easterbrook's told. If that was an acceptable procedure, we'd have to look to what the judge said at the previous sentencing hearing. And I don't think the judge said enough then, under 3583C, to satisfy the 3553A requirements. And furthermore, if the practice has been, by stating 3553A findings, the judge has, by implication, and this is what this court recently said in Armour, said enough to impose a period of supervised release, that's contrary to statutory interpretation canons that the Supreme Court's announced in numerous cases. It's against the rule of redundancy. We have separate provisions in the statute because we have separate things at issue. There's the length of sentence that's relevant under 3553A, and those determinations need to be made separately from the determinations of 3583C, which again incorporates 3553A factors, but they are two different things. And if we are to accept the reasoning of Armour or any case that says, by saying it once or saying it previously, we've satisfied the requirements, I think that's contrary to the rule against redundancy. It would make 3583C ornamental, and I don't think that Congress ever intended that to be the case. I'll move then to the second issue, unless there are further questions on the first, and that is the supervised release conditions are invalid because they were not orally pronounced. Of course, it's related to the first issue. We're back to the same question. Why can't somebody incorporate something by reference? And my answer has to be the same. There's a list of conditions. It's in the PSR. They're just listed. The judge says, I'm imposing everything on that list, and your argument seems to be that he has to read the list into the record. It's never enough for the judge just to point and say, that's what I'm doing. That's correct. And what is it that requires that? Well, certainly this Court's presidential opinion. Is this the Court Reporter's Welfare Act, that there has to be more for which the court reporter can charge by the word? No, I'd rather there be less said on supervised release, and we don't impose it or the conditions. But if the judges want to do it, it has to be done correctly, and it wasn't here. No, the question I'm asking is what requires it. If something requires it, of course it has to be done. Certainly. What requires it? CAPAS. What? CAPAS. This Court's decision in CAPAS requires oral pronouncement of the conditions of supervised release for them to be valid. You're not dealing with my question, which is why an oral pronouncement cannot incorporate any other document by reference. I completely understand the proposition that if there is a conflict between the oral and the written judgments, the oral pronouncement controls. But what happens here is an oral incorporation by reference. Has the Supreme Court ever forbidden that? I don't know any rule that forbids it. Yes, Your Honor, it's not. I thought the argument for the oral statement was the defendant is, you know, standing there, and he may not be familiar with the documents. That is true. The entire sentence has to be oral. That is true. But on the other hand, there is such a thing as a harmless error, right? Yes. So if he'd given the oral list of supervised conditions in a previous proceeding, and then in the next proceeding he says, well, I'll stand by what I said the last time, would that be a harmful error? I think that it would be. I think that's inconsistent with the procedural requirements. And we need to remember how many hearings. But there's always a concept of harmless error, right? Yes. So wouldn't that be harmless? Block has heard it once. He doesn't have to hear it again. I don't think that he had heard it, Your Honor. And I'd have to go back and look at the sentencing transcripts from the prior proceeding. But I think they were summarily adopted. That was the practice prior to Thompson. So I don't think that prior to this hearing, the judge had gone through as exhaustively as he did, or I should say as fully, because I don't think that he did it sufficiently in any event. But I think that's a problem here. So even if we were to try to link this back to prior proceedings, you'd have to look at the prior proceedings. And I don't think that it was sufficiently done then. And certainly I think that we have grounds, although I'm mindful of your concerns about harmless error, still CAPAS is precedent in this court. It requires the oral pronouncement of judgment. Include the conditions of supervised release. You've done so at the time of the hearing. This was a ten-year sentence? This was a 105-month prison sentence, ultimately, and three years of supervised release. A hundred and five. Yes. And it's... My point was to get by that is none of this is going to take place until at least eight years from now. He's been in for a little while. I'm not certain what his release date is, but it's into the future, certainly. Do any of these have any time sensitive, given his age? He's not especially old. And he will be under the conditions, but they're not time sensitive, I guess, in the sense that he is immediately imprisoned and they don't take effect until he's released. But he is young and he will be under the conditions for many decades. Unless the court has further questions of me, I'll reserve the balance of my time. Okay. Thank you very much, Mr. Norris. Thank you. Mr. Whalen? You may please the court. Good morning, Your Honors. Judge Posner, to address your questions, the district court did incorporate by reference the previous conditions in the first two sentencings, but they were different conditions, and so we wouldn't argue harmless error in that aspect. In this case, the district court took this court's guidance in Thompson and Siegel to heart. It reduced the number of conditions from 22 to 13, and then four days before sentencing it circulated this notice of proposed conditions. As far as your questions, Judge Easterbrook, we believe that incorporation by reference both complies with CABIS and the concerns expressed in the cases cited therein. Judge Posner, I think you hit the nail on the head. The concerns of those cases is that the defendant should be able to stand there, object to his sentence, know his sentence as he leaves the court, and that's what happened in this case. The court confirmed at the beginning of this third sentencing hearing that he had read this notice of proposed supervised release. He said he had. He objected to one of the conditions. He knew what the conditions were that were being imposed on him as he left the courthouse that day, and that complies with the concerns of CABIS. The court orally pronounced the conditions. It said, I'm incorporating by reference those conditions that you've admitted you read. That you what? I'm sorry? That you've admitted that you've read. That he had read, right. And keep in mind, this is both the defendant speaking on his own behalf and his attorney who both said that they had read them. In terms of the length of supervision, this court in Armour said that the justifications for the term of imprisonment also can provide justification for the length of supervised release, and that makes sense because they're part of the same sentence, and the supervised release statute tells us, or I'm sorry, tells the district court judge to look at the 3553 factors. It says look at the same factors that you consider for the term of imprisonment except for one. Don't look at A2A, but it's the same factors, and the court in this case did consider all those factors extensively. It considered Mr. Block's five previous convictions. The court said he had trouble with supervised release. The court considered the fact that he had violated probation or had his probation revoked four times, failed to comply with community service four times. The court considered the 3553 factors in this case. In terms of the challenges to the substantive opinions, the substantive conditions themselves, I think as we stand here today, the landscape of the law is very different than when Mr. Block filed his opening briefs. This court's issued opinions in Armour and Douglas and Pollin and Speed that I believe deal with all of his objections. And unless the conditions are either identical, virtually identical, and this court rejected the same arguments he makes today, unless the court has any questions on those specific conditions or any other aspect, we would ask that you affirm. Okay, thank you very much, Mr. Wells. Thank you. Mr. Hillis? If the conditions are largely similar to what's recently been found sufficient in Pollin and Armour, that doesn't get us where we need to go. We need to start with whether the procedure was correct in the first place. And the two arguments that we made, the principal arguments in our brief, show that it's not, irrespective of the specifics of the conditions. And I will, again, rely on the fact that supervised release and the length of sentence are two different things, and the statutory factors that need to be assessed have to be addressed with the idea that those things serve different purposes, the length of incarceration, the length of supervision. And, again, I will go to the rule of redundancy because the government's interpretation, not to mention what Armour does, it runs afoul of the rule against redundancy because it essentially reads 3583C out of the statute book. And Congress certainly didn't intend for that to be the case, otherwise it wouldn't have the two separate statutory provisions. Unless the Court has questions, I have nothing further. Okay, thank you very much, and we thank the defenders for undertaking.